UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

ADAM RYAN HERNANDEZ,

                    Defendant.

NO. CR-10-2004-EFS

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR
VIOLATION OF RIGHT TO SPEEDY
TRIAL**

     Before the Court, without oral argument, is Defendant Adam Ryan
Hernandez's Motion to Dismiss (ECF No. 28).  Defendant argues that the
eleven-month delay between the indictment and trial violates his Sixth
Amendment right to a speedy trial.  The United States Attorneys' Office
(USAO) opposes this motion.  After reviewing the submitted material and
relevant authority, the Court is fully informed and denies Defendant's
motion to dismiss for the reasons set forth below.[1]

### I.  BACKGROUND

     On January 12, 2010, Defendant was federally indicted for being a
felon in possession of a firearm. (ECF No. 1.)  State charges were filed

---

     [1] The Court finds oral argument is not warranted per Local Rule
7.1(h)(b)(iv), and determines the motion without oral argument.

ORDER ~ 1

against him on February 5, 2010.  Both charges arose out of two November 2009 undercover operations in which Defendant sold firearms to confidential informants.  (ECF No. 43, Exs. E & F.)

In early February 2010, state and federal authorities jointly attempted to locate Defendant in Payette, Idaho.  (ECF No. 40, Ex. 2.) Investigators soon learned that Defendant had left the area and may be living with his girlfriend in Yakima, Washington.  *Id.*  A search of his girlfriend's residence was unfruitful.  *Id.*  Only after six weeks of obtaining information from several confidential informants did investigators finally locate Defendant.  *Id.*

On July 6, 2010, state authorities executed the arrest warrant and brought Defendant into state custody on July 6, 2010.[2]  (ECF No. 29, Exs. A & B.)  Defendant was arraigned in Yakima County Superior Court on July 7, 2010. (ECF No. 29, Ex. C.)  That same day, the U.S. Marshals placed a detainer against Defendant, which requested the Yakima County Department of Corrections ("Yakima DOC") to immediately notify the U.S. Marshals upon Defendant's sentencing.  (ECF No. 40, Ex. 1.)  On July 20, 2010, the state charges against Defendant were dismissed because he had "been federally indicted on charges arising out of [the same] incident." (ECF. No. 29, Ex. D.)

But it was not until October 1, 2010, that the U.S. Marshals received a phone call from the Yakima County jail advising that the jail

---

[2]  Although is unclear which agency actually arrested Defendant, the Yakima Police Department signed the arrest-warrant return. (ECF No. 29, Ex. B.)

had just received a copy of the state court order dismissing the charges and were therefore releasing Defendant to the U.S. Marshal's custody. *Id*. Defendant was transferred to federal custody on October 4, 2010, after having spent seventy-five days in jail on the instant charge without the benefit of counsel, a preliminary appearance, or a speedy-trial setting.

## II. ANALYSIS

A challenge based upon the Sixth Amendment right to a speedy trial requires the court to engage in a four-part balancing test. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). But "[to] trigger a speedy trial inquiry, an accused must show that the period between indictment and trial passes a threshold point of 'presumptively prejudicial' delay." *United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993). Although no set amount of delay or bright-line length of time is sufficient to meet this standard, *Barker*, 407 U.S. at 530, the Supreme Court has observed that post-accusation delay that approaches one year is presumptively prejudicial, *Beamon*, 992 F.2d at 1013; *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Even a time period as short as six months has been found sufficient to trigger a Sixth Amendment speedy trial analysis. *See United States v. Valentine*, 783 F.2d 1413, 1417 (9th Cir. 1986) (finding a six-month delay can be a "border line" case sufficient to trigger an inquiry about the remaining three factors). Here, the delay was eleven months. Because this case approaches the delay *Beamon* characterized as "presumptively prejudicial," the Court finds it sufficient to trigger Sixth Amendment speedy trial analysis.

Accordingly, the Court balances the four *Barker* factors to determine

1  if the Defendant's right to a speedy trial was violated.  These factors
2  are:  1) whether the delay before trial was uncommonly long, 2) whether
3  the federal government or the criminal defendant is more to blame for
4  that delay, 3) whether, in due course, the defendant asserted his right
5  to a speedy trial, and 4) whether he suffered prejudice because of the
6  delay.  *Beamon*, 992 F.2d at 1012.  After balancing these factors, the
7  Court concludes that the delay did not violate Defendant's speedy trial
8  rights and declines to dismiss the Indictment.

9       Taking the second factor first, the Court finds that Defendant is
10  more to blame for the delay than the federal government.  Analyzing each
11  of two delay periods separately, the Court cannot conclude that either
12  period was caused by the federal government's negligence.  During the
13  first period, from January 12, 2010, the date Defendant was federally
14  indicted, to July 6, 2010, the date he was arrested by state authorities,
15  there is no evidence that the federal government was negligent in its
16  investigation or unnecessarily delayed his apprehension.[3]  The USAO
17  insists that investigators vigorously pursued Defendant while he
18  vigorously avoided apprehension during this time period.  Defendant
19  concedes this point.  Thus, as to that six-month period, this factor
20  clearly weighs against Defendant.  *See United States v. Sperow*, 494 F.3d
21  1223 (9th Cir. 2007).

22       The Court next turns to the second time period, the seventy-five
23  days Defendant remained in state custody between the dismissal of state

---

25       [3] Federal law requires that a defendant be brought before a
26  magistrate without unnecessary delay.  Fed. R. Crim. P. 5(a).

ORDER ~ 4

charges on July 20, 2010, and the date he was brought into federal custody, October 4, 2010. Defendant argues that because the investigation was a concerted effort between state and federal authorities to apprehend and prosecute him, the federal government was negligent in not knowing or independently ascertaining that the state charges had been dismissed. In response, the USAO claims that it is not responsible for any delay because it properly placed a detainer with the Yakima DOC, notifying that Defendant was wanted on federal charges.

The Court finds that the seventy-five day delay was not caused by any federal government negligence. By all indications, state and federal law enforcement's efforts to apprehend Defendant were taken in concert: the confidential informant who purchased guns from Defendant worked for the Federal Bureau of Alcohol, Tobacco, Firearms, and Explosives (ECF No. 43, Ex. E), and the U.S. Marshals assisted in the pursuit (ECF No. 40, Ex. 2). Because of this collaborative effort, it was unclear whether the case would be prosecuted on the state or federal level.[4] But once state charges were filed, the U.S. Marshal properly placed a detainer with Yakima DOC. And once the U.S. Marshal was advised that the state charges had been dismissed, it took immediate action to transfer Defendant into federal custody. Defendant fails to persuasively explain why the collaboration between state and federal authorities in apprehending Defendant creates a continuing duty for federal authorities to actively pursue Defendant while he was in state custody when a federal detainer

---

[4] One federal agent indicated the case "would be taken federally." (ECF No. 43, Ex. F.)

ORDER ~ 5

was already in place.[5]  Thus, the Court finds that this approximate two-and-a-half-month delay does not weigh significantly for either Defendant or the federal government.

The first and fourth factors, whether the delay was uncommonly long and prejudiced Defendant, weigh slightly in favor of the USAO.  While the burden of showing prejudicial delay lessens as more time passes, *Doggett*, 505 U.S. at 652, even a seventeen to twenty-month delay was not so long as to "relieve the defendant of the burden of coming forward with any showing of actual prejudice."  *Beamon*, 992 F.2d at 1014.  As explained above, the eleven-month delay nears, but does not exceed, the delay *Beamon* characterized as "presumptively prejudicial."  Thus, prejudice is

---

[5] The case law cited by Defendant is not informative on this point. Defendant cites to *United States v. Mendoza*, to argue that the government had a continuing duty to actively pursue Defendant when he was in state custody.  Indeed, that case requires the government "to make some effort to notify [the defendant] of the indictment, or otherwise continue to actively bring him to trial."  530 F.3d 758, 763 (9th Cir. 2008). But in *Mendoza*, unlike here, the defendant had fled the country before being indicted, and the government made no attempt to contact him to inform him that he had been indicted. *Id*. at 761.  This case is distinguishable. During Defendant's seventy-five-day post-dismissal incarceration, he knew of the Indictment given that his state charges were dismissed because he had "been federally indicted on charges arising out of [the same] incident."  (ECF. No. 29, Ex. D.)

ORDER ~ 6

not presumed on those grounds.   Nor can prejudice be presumed due to governmental negligence in this case.   *See Mendoza*, 530 F.3d at 765 (recognizing presumption of prejudice where government was negligent in bringing defendant to trial ten years after he was indicted); *Doggett*, 505 U.S. at 764 ("No prejudice is required when the delay is great and attributable to the government.").

Thus Defendant must show he suffered actual prejudice.   Actual prejudice can be shown by: "(1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) the possibility that the accused's defense will be impaired by dimming memories and loss of exculpatory evidence." *Mendoza*, 530 F.3d at 764 (internal citations omitted).   A showing of minimal prejudice is insufficient to establish a Sixth Amendment violation.   *United States v. Sears, Roebuck & Co., Inc.*, 877 F.3d 734 (9th Cir. 1989).   Here, Defendant does not claim that his defense has been impaired by the delay.   Although he may have suffered anxiety and concern while spending seventy-five days in jail without being advised of the reason for his continued detention or appointment of counsel, that prejudice was minimal given that he knew of the federal charges pending against him.[6]

---

[6] The Court recognizes Defendant's concern that he may be prejudiced by the delay because the seventy-five days he spent in state custody will not count as time served toward his federal sentence. Defendant is free, however, to argue for a reduced sentence under the 18 U.S.C. § 3553 factors at sentencing.

ORDER ~ 7

Finally, as to the third factor, whether Defendant asserted his right to a speedy trial in due course, the Court finds that this factor does not weigh heavily in either party's favor.  Defendant asserted his right to a speedy trial by filing this motion to dismiss on November 8, 2010, a month after defense counsel appeared on October 4, 2010.  Yet, because any time spent avoiding apprehension is waived as to a speedy trial right, *Sperow*, 494 F.3d at 1226, Defendant could not have asserted this right while he was avoiding authorities.  And there is no evidence that Defendant ever attempted to assert that right during the seventy-five days he spent in state custody.

### III. CONCLUSION

After balancing the factors set out in *Barker*, the Court concludes that Defendant's speedy trial rights were not violated as a result of the eleven-month delay.  Accordingly, Defendant Adam Ryan Hernandez's Motion to Dismiss **(ECF No. 28)** is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this _____2nd_____ day of December 2010.


                        S/ Edward F. Shea
_____
                        EDWARD F. SHEA
                   United States District Judge


Q:\Criminal\2010\2004.dismiss.speedy.wpd

ORDER ~ 8